**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL T. COLDIRON, | ) | CASE NO. 3:04-cv-7750 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| DEBRA TIMMERMAN-COOPER, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Petitioner, Carl T. Coldiron ("Coldiron"), challenges the constitutionality of his conviction in the case of *State v. Coldiron*, Auglaize County Court of Common Pleas Case No. 2000-CR-18. Coldiron, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 3) pursuant to 28 U.S.C. § 2254 on November 5, 2004 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Coldiron's petition (Doc. No. 3) be DENIED.

# I. Procedural History

## A. Conviction

The Auglaize County Grand Jury returned a fifteen-count indictment charging Coldiron with: eight counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A); four counts of sexual battery in violation of O.R.C. § 2907.03(A)(5); two counts of having a weapon under a disability in violation of O.R.C. § 2923.13(A)(3); and one count of possession of a dangerous ordnance in violation of O.R.C. § 2923.17(A).[1]  (Doc. No. 16, Exh. 1.)  The charges stemmed from incidents involving two sisters as victims.  Coldiron filed a motion to sever the victims' counts and a motion to change venue for the counts against one of the victims.  The trial court granted Coldiron's motions.  (Doc. No. 16, Exhs. 3, 9.)  Coldiron's habeas petition pertains solely to the counts and proceedings involving one of the victims.

A jury found Coldiron guilty on all counts related to the one victim, *i.e.*, five counts of rape and four counts of sexual battery.  (Doc. No. 16, Exh. 5.)  Further, Coldiron entered a negotiated plea of "no contest" to the weapons count.  (Doc. No. 16, Exhs. 7, 8.)

On November 9, 2000, Coldiron filed a motion for leave to file a motion for a new trial. (Doc. No. 16, Exh. 10.)  The trial court denied Coldiron's motion.  (Doc. No. 16, Exh. 11.)

On November 15, 2000, the trial court sentenced Coldiron to an aggregate prison term of twenty-one years, with five years of post-release control.  (Doc. No. 16, Exh. 12.)  Further, the trial court determined that Coldiron was a sexual predator.  (*Id.*)

---

[1] At the request of the State, the trial court dismissed one of the weapons counts and the dangerous ordnance count.  (Doc. No. 16, Exh. 2.)

2

**B.  Direct Appeal**

On December 1, 2000, Coldiron appealed the trial court's judgment and sentence to the Ohio Court of Appeals.  (Doc. No. 16, Exhs. 14, 15.)  On August 24, 2001, the Court of Appeals affirmed the trial court's judgment.  (Doc. No. 16, Exh. 17.)  Coldiron did not appeal to the Ohio Supreme Court.

**C.  Application for Reopening Pursuant to App.R. 26(B)**

On November 26, 2001, Coldiron filed an Application for Reopening pursuant to App.R. 26(B) ("Rule 26(B)") in the Court of Appeals.  On January 23, 2002, the Court of Appeals denied Coldiron's application.  (Doc. No. 16, Exh. 19.)

On February 25, 2002, Coldiron appealed to the Ohio Supreme Court.  (Doc. No. 16, Exhs. 21, 22.)  On May 1, 2002, The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 16, Exh. 23.)

On May 13, 2002, Coldiron filed a motion for reconsideration of the dismissal of his appeal in the Ohio Supreme Court.  (Doc. No. 16, Exh. 24.)  On June 12, 2002, the Ohio Supreme Court denied Coldiron's motion.  (Doc. No. 16, Exh. 25.)

**D.  Motion for New Trial**

On May 7, 2003, Coldiron filed an application to file a motion for new trial in the trial court based on new evidence of prosecutorial misconduct, judicial misconduct, and ineffective trial counsel; he also requested the trial judge to withdraw due to alleged judicial misconduct. (Doc. No. 16, Exhs. 27, 28.)  On May 8, 2003, the trial court denied Coldiron's application. (Doc. No. 16, Exh. 29.)

On June 6, 2003, Coldiron appealed to the Court of Appeals.  (Doc. No. 16, Exhs. 31,

32.)  On December 29, 2003, the Court of Appeals affirmed the trial court's denial of Coldiron's

motion for a new trial.  (Doc. No. 16, Exh. 35.)

On February 9, 2004, Coldiron appealed to the Ohio Supreme Court.  (Doc. No. 16,

Exhs. 37, 38.)  On May 26, 2004, the Ohio Supreme Court denied Coldiron leave to appeal and

dismissed the appeal.  (Doc. No. 16, Exh. 39, 40.)

**E.  Federal Habeas Petition**

On November 5, 2004, Coldiron, *pro se*, filed a Petition for Writ of Habeas Corpus,

asserting five grounds for relief pertaining to prosecutorial and judicial misconduct, the

discovery of new evidence, and effective assistance of counsel.[2]  Coldiron raises several claims

---

[2] The grounds below are quoted from Coldiron's petition:

GROUND ONE:  The trial court's failure to recuse itself from ruling on it's (sic) own gross judicial misdconduct is plain error violating appellant's First, Sixth, Eighth, Ninth, and Fourteenth Amendment rights under the United States Constitution. The Ohio Supreme Court did not read petitioner's MEMORANDUM IN SUPPORT OF JURISDICTION and erroneously ruled that the appeal did not involve any substantial constitutional question.

GROUND TWO:  The trial court's failure to follow the mandates of Crim.R. 33(A) and §2945.79 is plain error violating appellant's substantial due process rights under the Sixth and Fourteenth Amendments of the United States Constitution.

GROUND THREE:  The trial judge's failure to recuse himself from ruling in a proceeding where he acted outside his judicial function as a court reporter to validate the proceedings at which he presided was abuse of discretion and rendered the trial court transcripts subject to introspection for error and gives the impression of impropriety. See *In re Disqualification of Morrissey, et al.,* 674 N.E.2d 360, 361 (Ohio 1995). The trial judge's refusal to recuse himself, and then ruling on his own misconduct, was improper and violated appellant's substantial due process rights.

GROUND FOUR:  It was plain error for the trial court, and subsequently the appellate court to determine without a hearing that the appellate/petitioner failed to establish by clear and convincing evidence that he was unavoidably prevented from prior discovery of evidence when the documents submitted by the appellant on their face

4

based upon omissions in the trial court transcript.  Coldiron alleges that during the opening statement, the prosecutor said Coldiron was a "serial rapist."  He further alleges that in August 2002, he first discovered the certified trial transcript did not contain this remark by the prosecutor.  In May 2003, based on this discovery, Coldiron filed a motion for new trial in the trial court due to prosecutorial misconduct, judicial misconduct and ineffective trial counsel; he also requested the trial judge to withdraw because the judge certified a portion of the incomplete trial transcript.  (Doc. No. 16, Exhs. 27, 28.)  The trial court denied Coldiron's application. (Doc. No. 16, Exh. 29.)

In his first and third grounds for relief, Coldiron claims that the trial court erred when it did not recuse itself from ruling on his motion for new trial.  In his second and fourth grounds for relief, Coldiron claims that the trial court erred when it denied his motion for new trial.  Finally, in his fifth ground for relief, Coldiron claims that he failed to receive a fair appeal and effective representation on appeal because his counsel, who did not represent him at trial, prepared his appeal with the transcript that did not contain the prosecutor's remark.  Although Coldiron had different trial and appellate counsel, counsel were from the same law firm.

## II.  Statute of Limitations

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act

---

supported his claim that he was unavoidable (sic) prevented from discovering such evidence earlier.

GROUND FIVE:  The appellant/petitioner was denied an unabridged transcript of the trial court proceedings, and therefore, was not afforded adequate appellate review.  Consequently, the appellant was denied effective assistance of counsel when counsel was issued compromised trial transcripts from the court to use on appeal. This violated the appellant's substantial due process constitutional rights.

of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Coldiron

filed his habeas corpus petition after the effective date of the AEDPA.  *See Lindh v. Murphy*, 521

U.S. 320, 326-27, 337 (1997).  In the AEDPA, Congress enacted a period of limitations for the

filing of habeas petitions.  The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of
> an application for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.  The limitation period
> shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action.
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
>
> * * *
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (B), (D), (2).

Once the limitations period has expired, state collateral review proceedings can no longer

toll the period of limitations.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A

state-court petition . . . that is filed following the expiration of the limitations period cannot toll

that period because there is no period remaining to be tolled.").

In the instant action, Respondent asserts that Coldiron's petition is time-barred because

6

he did not file it within the one-year limitations period.  First and foremost, the parties dispute

when the limitations period began to run.  Respondent claims that Coldiron's conviction became

final and the limitations period began to run on September 23, 2001, the date on which the time

expired for Coldiron to seek direct review in the Ohio Supreme Court.

However, Respondent incorrectly calculated that Coldiron only had 30 days to appeal to

the Ohio Supreme Court.  The Court of Appeals issued its decision on August 24, 2001;

Coldiron had forty-five days from that date to appeal to the Ohio Supreme Court.  *See* S.Ct. R. II,

Sec. 2(A)(1)(a).  Thus, Coldiron's time to appeal to the Ohio Supreme Court expired on October

8, 2001.

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period does not begin to run until the

date on which the factual predicate for the claim or claims presented could have been discovered

through the exercise of due diligence.  *See Dicenzi v. Rose*, 419 F.3d 493, 497-500 (6th Cir.

2005) (Where a petitioner claims that the court or his counsel did not inform him of the right to

appeal, his habeas petition is timely so long as he filed  his petition within one year of the date in

which a reasonable person would have made the discovery through the exercise of due

diligence.).  Coldiron asserts that: (1) the factual predicate of his claims is the improperly

certified and incomplete trial transcript; and (2) he did not become aware that the transcript was

incomplete until August 2, 2002.[3]  Thus, Coldiron contends that the limitations period did not

begin to run until August 2, 2002.

Coldiron's argument is without merit.  In this Court's view, the factual predicate for

_____

[3] Although the alleged prosecutorial misconduct occurred in 2000, Coldiron asserts that
he did not receive a copy of the transcript until the Ohio Supreme Court dismissed his
motion for reconsideration of his Rule 26(B) application in June 2002.

Coldiron's claims is the prosecutor's remark at trial, not the allegedly incomplete trial transcript. The prosecutor's remark was known to Coldiron at trial.   Thus, the limitations period began to run on October 8, 2001, the date on which Coldiron's conviction became final.

The Court now turns to the issue of whether Coldiron's petition is timely.   The limitations period ran from October 8, 2001 until November 26, 2001 (period of 49 days), the date on which Coldiron filed his Rule 26(B) application in state court.   The filing of the Rule 26(B) application tolled the time.   The time continued to be tolled through the Court of Appeals' denial of the Rule 26(B) application, the timely appeal to the Ohio Supreme Court, and the Ohio Supreme Court's dismissal of the appeal and motion for reconsideration of the 26(B) application on June 12, 2002.   The time continued to be tolled until September 10, 2002, the date on which the time expired for Coldirion to file a writ of *certiorari* to the U.S. Supreme Court for the 26(B) application.[4]

---

[4] The period of limitations is tolled during the time a petitioner could seek *certiorari* in the U.S. Supreme Court for review of a post-conviction petition.  *See Abela v. Martin*, 348 F.3d 164, 172-173 (6th Cir. 2003) (The statute of limitations is tolled from the filing of an application for state post-conviction until the conclusion of the time for seeking U.S. Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.).  An *en banc* panel of the Sixth Circuit, in a departure from prior rulings, recently concluded that a Rule 26(B) petition was part of the post-conviction process and not part of the direct appeal process.  *See Lopez v. Wilson*, 426 F.3d 339, *en banc* (6th Cir. 2005), citing *Morgan v. Eads*, 104 Ohio St. 3d 142 (2004), cf. *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000).  Although it appeared that the time would not be tolled during the time a petitioner could seek *certiorari* to the Supreme Court on a Rule 26(B) petition when it was considered part of the direct review process, *see Bronaugh v. Ohio*, 235 F.3d 280, FN 10 (6th Cir. 2000), that result, in this Court's view, changes now that the Rule 26(B) petition is considered a post-conviction remedy.

8

The time continued to run from September 10, 2002 until May 7, 2003 (period of 239 days), the date on which Coldiron filed a motion for new trial in the trial court.  The time tolled again through the trial court's denial of the motion, the timely appeal to the Court of Appeals, the timely appeal to the Ohio Supreme Court, and the Ohio Supreme Court's denial of the appeal on May 26, 2004.  The time continued to be tolled until August 24, 2004, the date on which the time expired for Coldiron to file a writ of *certiorari* to the U.S. Supreme Court for the post-conviction petition.  *See Abela* 348 F.3d at 172-173.  The time began running again from August 24, 2004 until November 5, 2004 (period of 73 days), the date on which Coldiron filed the instant habeas petition.  The limitations period ran for a period of 361 days (49 days + 239 days + 73 days) before Coldiron filed his habeas petition.  Accordingly, Coldiron's petition is timely.

### III.  Noncognizable Claims - Grounds One through Four

**A.  Grounds One and Three: Trial Court's Failure to Recuse Itself**

In his first and third grounds for relief, Coldiron claims that he was denied due process when the trial judge failed to recuse himself and ruled on Coldiron's motion for a new trial, a motion based in part upon the judge's misconduct in that it alleged the judge certified an inaccurate portion of the trial transcript.  Coldiron also claims that the Ohio Supreme Court, in denying Coldiron leave to appeal this claim, did not read his memorandum in support of jurisdiction.  Respondent asserts that neither of these claims are cognizable for federal habeas review.

In *Kirby v. Dutton,* 794 F.2d 245, 246 (6th Cir. 1986), the Sixth Circuit began with the premise that, pursuant to 28 U.S.C. § 2254, habeas corpus is only available to challenge the constitutionality of a petitioner's detention.  Building upon that premise, the Sixth Circuit

9

reasoned that claims of constitutional deprivations occurring during the state post-conviction proceedings were not cognizable under § 2254 because such claims address collateral matters and not the underlying state conviction giving rise to the petitioner's incarceration.  *See id.* at 247; *see also Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001).

In the instant action, Coldiron claims that he was denied due process because (1) the trial judge erred when he did not recuse himself from the state post-conviction proceedings and (2) the Ohio Supreme Court denied him leave to appeal this claim without reading his memorandum in support of jurisdiction.  These claims do not allege a constitutional violation stemming from Coldiron's conviction or direct appeal, but instead challenge the post-conviction proceedings.  As these claims do not address the constitutionality of Coldiron's detention, they are not appropriate for federal habeas review and should be dismissed.

**B.  Grounds Two and Four: Trial Court's Denial of his Motion for New Trial**

In his second and fourth grounds for relief, Coldiron claims that the trial court committed plain error when it: (1) denied his motion for a new trial on the ground that the motion failed to follow the mandates of Ohio Crim. R. 33;[5] (2) determined, without a hearing, that Coldiron failed

_____

[5] Coldiron mistakenly cites to Ohio Crim R. 33(A) in his petition.  The Court of Appeals, however, cited to, and relied upon Ohio Crim. R. 33(B), which provides:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was

to show he was unavoidably prevented from discovering the new evidence at an earlier date; and (3) certified an inaccurate portion of the trial transcript.

Coldiron's motion for a new trial was based upon the prosecutor's remark during her opening statement.  Coldirion claimed that he did not file the motion for new trial timely and his attorney did not raise this claim on appeal because the remark was omitted from the certified trial transcript.[6]

In denying Coldrion's motion pursuant to Ohio Crim. R. 33(B), the trial court held that: Coldiron was not unavoidably prevented from filing his motion within fourteen days after the verdict was rendered; and the prosecutor's comment was not new evidence that otherwise would entitle him to a longer filing period.  The trial court reasoned that Coldiron and his attorney were present for the prosecutor's alleged misconduct, were aware of the misconduct and could have filed a motion for new trial within the filing period.  The trial court also found that the prosecutor's comment could have been raised on direct appeal because Coldiron's appellate counsel was from the same firm as his trial counsel.  In reviewing this decision, the appellate court held that the trial court did not abuse its discretion in denying Coldiron's motion.  Further,

---

rendered.  If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

[6] Coldiron asserts that he and his trial counsel heard the prosecutor's comment at trial.  Coldiron's counsel submitted an affidavit claiming that the prosecutor stated that Coldiron was an "aggravated rapist" or at least referred to  "aggravated rape."  This is clearly different than Coldiron's allegation that the prosecutor called him a "serial rapist."  Coldiron also alleges that based upon this remark by the prosecutor, his counsel moved for a mistrial during the opening statement.

11

the appellate court held that the trial court properly certified the transcript pursuant to App. R. 9(A) and, therefore, denied Coldiron's claim about the certification of the transcript.

The state courts denied Coldiron's claims based solely on state law.  Neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court; however, a violation of state law can serve as a basis for habeas corpus relief when the petitioner is denied fundamental fairness in the trial process.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988) (Federal courts must defer to a state court's interpretation of its own laws and procedures); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (Principles of comity require federal courts to defer to a state's judgment on issues of state law).  "Claims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus." *Olsen v. McFaul*, 843 F.2d 918, 933 (6th Cir. 1988).

The state trial court did not deny Coldiron fundamental fairness in the trial process. Coldiron, who alleges that (1) both he and his trial counsel heard the remark and (2) his trial counsel immediately moved for a mistrial, has failed to set forth any reason as to why his trial counsel could not have filed a motion for new trial based on the prosecutor's alleged comment within the fourteen days from the verdict under state law.  The record shows that his counsel could have filed such a motion.  The jury returned its verdict on August 23, 2000.  Coldiron's trial counsel was involved in the case until his sentencing on November 15, 2000.  In fact, Coldiron's trial counsel filed an earlier motion for a new trial based on other grounds.  Therefore, the state's application of its rule did not deny Coldiron fundamental fairness.  Accordingly, Coldiron's second and fourth grounds for relief should be dismissed.

12

## C.  Ground Five: Ineffective Assistance of Appellate Counsel

In his fifth ground for relief, Coldiron claims that he was denied a fair appeal and effective assistance of appellate counsel because his appellate counsel did not have a complete transcript and, therefore, was not aware of the prosecutor's comment as a basis for appeal. Coldiron did not present this claim to the state courts.  Although Coldiron filed a R. 26(B) application based on ineffective assistance of appellate counsel, he did not base such alleged ineffective representation on the failure to raise the prosecutor's remark as error or on an incomplete trial transcript.  Coldiron based the alleged ineffective representation on appellate counsel's: (1) conflict of interest; (2) failure to raise errors made by trial counsel regarding jury selection, discovery and closing arguments; and (3) failure to raise the claim that the trial court erred by not granting the motion for acquittal on the sexual battery charges.

Federal habeas claims that have not been presented to the state courts or have been presented improperly to the state court generally are not cognizable on federal habeas review.  A petitioner's failure to present a federal claim to the state courts for initial resolution involves an issue of exhaustion of state court remedies.  Invoking principles of comity and federalism, federal courts have long required state prisoners to exhaust the "available state remedies" before addressing the merits of a federal claim on federal habeas review.  *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  The exhaustion requirement is not satisfied until the highest court in the state in which petitioner was convicted has been given a

13

full and fair opportunity to rule on all of the prisoner's claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Coldiron did not present this claim to the state courts. Coldirion alleges that he could not have presented this claim to the state court on direct appeal or in his Rule 26(B) application because he did not discover the trial transcript was incomplete until after those proceedings concluded. This argument misses the point. Coldiron mistakenly focuses on the transcript instead of the underlying conduct giving rise to his appeal. At the time Coldiron filed his Rule 26(B) petition, he knew, or should have known, his appellate counsel had not cited the prosecutor's remark as a ground for appeal. He also believed that his trial counsel had heard the remark and had moved for a mistrial based upon the remark. The alleged omission in the transcript, therefore, could not have played any role in Coldiron's decision to claim that his appellate counsel was ineffective for not raising the prosecutor's conduct as an issue. Coldiron cannot return to the state appellate court to raise this claim because it is procedurally defaulted. *See Hicks v. Collins*, 384 F.3d 204, 212 (6th Cir. 2004) (The petitioner procedurally defaults ineffective assistance of appellate counsel claims that he fails to raise in a Rule 26(B) petition.). Under Ohio law, principles of *res judicata* bar the petitioner from raising claims of ineffective appellate counsel that could have been raised in his first Rule 26(B) petition. *See Ohio v. Krzywkowksi,* 2003 WL 21356731 (Ohio App. 8 Dist.)) and cases cited therein. *Accord*, *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1987) (An ineffective counsel claim that rests on a theory different from the one presented and rejected in state court is not exhausted and is procedurally defaulted.).

Coldiron has not argued, and cannot establish, either (1) that there was cause for the

14

procedural default or (2) that he could prevail on the merits if the court considered his claim. Coldiron has not established that he was denied a fair appeal[7] or effective appellate counsel[8] because he has not demonstrated prejudice from his appellate counsel's failure to raise the prosecutor's remark as a ground for appeal.  Accordingly, this claim should be dismissed.

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Coldiron's Petition for Writ of Habeas Corpus (Doc. No. 3) be DENIED.

<u>s/ Nancy A. Vecchiarelli</u>
U.S. Magistrate Judge

Date: <u>March 7, 2006</u>

---

[7] In order to demonstrate denial of a fair appeal, the petitioner must show prejudice resulting from the missing transcripts.  *See Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986); *see also Moore v. Carlton*, 74 F.3d 689, 693 (6th Cir. 1996).  Further, the allegations of prejudice must "present something more than gross speculation that the transcripts were requisites to a fair appeal." *Brandsford*, 806 F.2d at 86.

[8] In order to establish ineffective assistance of counsel, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).   "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  Deficiencies in counsel's performance must "be prejudicial to the defense in order to constitute ineffective assistance." *Id.* at 692.  To establish prejudice under *Strickland*, the petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

16