UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL T. COLDIRON | ) | CASE NO. 3:04-CV-07750 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| DEBRA TIMMERMAN-COOPER, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Petitioner Carl T. Coldiron's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court agrees with the Magistrate Judge's decision and findings on Petitioner's substantive claims but disagrees with the finding that the petition was timely filed. For the following reasons, the Court DENIES Carl T. Coldiron's Petition.

1

## Facts

Carl T. Coldiron ("Coldiron") raped his girlfriend's minor daughter ("T") on five separate occasions, including once just prior to her thirteenth birthday. Coldiron previously had required T to attend to his personal grooming–for example, curling his hair with a curling iron and pulling the dead skin off his feet. In 1999, these chores gave way to Coldiron's sexual abuse. During the attacks, Coldiron threatened to kill both T and her family if she reported his abuse. T took these threats seriously because Coldiron, a previously convicted felon, kept firearms in the house.

Coldiron was charged with eight counts of rape, four counts of sexual battery, two counts of possessing a weapon under disability, and one count of possession of a dangerous ordnance. These charges stemmed from Coldiron's attacks on T, as well as Coldiron's alleged abuse of T's sister. The trial court subsequently dismissed the sole possession count and one of the weapons counts. Coldiron entered a negotiated plea of "no contest" to one of the weapons counts, and a jury found him guilty on all counts relating to his abuse of T – five counts of rape and four counts of sexual battery. The trial court sentenced Coldiron to twenty-one years in prison and five years of post-release control.

Coldiron appealed his conviction, and the Ohio Court of Appeals affirmed the trial court's judgment and sentence on August 24, 2001. Pursuant to S.Ct. R. II, Sec. 2(A)(1)(a), Coldiron had forty-five days from the date of this ruling to appeal to the Ohio Supreme Court, but failed to do so. Coldiron's conviction became final on October 8, 2001, forty-five days from the date upon which the appellate court affirmed the trial court's decision.

On November 11, 2001, Coldiron filed an Application for Reopening Pursuant to Rule 26(B) ("Rule 26(B)") in the Ohio Court of Appeals. The court denied this application. Coldiron

then appealed to the Ohio Supreme Court, which dismissed the appeal because it did not involve a substantial constitutional question. Coldiron filed a Motion for Reconsideration, and the Ohio Supreme Court denied this motion on June 12, 2002.

On May 7, 2003, Coldiron filed an application to allow his motion for a new trial based on newly discovered evidence of prosecutorial and judicial misconduct, as well as ineffective trial counsel. He requested the trial judge withdraw due to his alleged misconduct. Coldiron claimed he was entitled to a new trial because the prosecutor called him a "serial rapist" during opening remarks; he did not become aware of this ground for a new trial until he received a certified trial transcript on August 2, 2002, and discovered it omitted the prosecutor's alleged remark.

The trial court denied Coldiron's application because it was not timely filed pursuant to Ohio Crim. R. 33(B) ("Rule 33(B)"). When the Ohio Court of Appeals affirmed this ruling, Coldiron appealed to the Ohio Supreme Court. On May 26, 2004, the Supreme Court dismissed Coldiron's appeal.

On November 11, 2004, Coldiron filed his Petition for a Writ of Habeas Corpus *pro se*, asserting five grounds for relief relating to prosecutorial and judicial misconduct, discovery of new evidence, and ineffective assistance of appellate counsel. The Magistrate Judge found Coldiron timely filed his petition. Grounds One and Three of the petition both claim Coldiron was denied procedural due process because the trial judge refused to recuse himself from ruling upon Coldiron's motion for a new trial, and because the trial judge ruled upon the motion without reading Coldiron's supporting memorandum. Grounds Two and Four together claim the trial court erred when it denied Coldiron's motion for a new trial and certified an incomplete trial

3

transcript. Ground Five claims Coldiron was denied a fair appeal and effective assistance of appellate counsel because he prepared his appeal without the benefit of the complete trial transcript. The Magistrate Judge recommended the court deny Coldiron's petition.

## Law and Analysis

A district court judge must rule *de novo* upon the portions of a Magistrate Judge's Report and Recommendation to which a petitioner objects. 28 U.S.C. § 636(b)(1) (2006). In such cases, "[a]ny party that desires plenary consideration by the Article III judge need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

Coldiron objects to the Magistrate Judge's findings that: (1) the limitations period for filing his habeas petition began to run when Coldiron's conviction became final; (2) Coldiron's claims in Grounds One and Three of his petition are not cognizable because they do not allege a constitutional violation directly related to his incarceration; and (3) Coldiron's claims in Grounds Two and Four are not cognizable because the state's interpretation of its own law was not fundamentally unfair. Because Coldiron has filed these objections in a timely fashion, the court must review these findings *de novo*. However, Coldiron does not object to the Magistrate Judge's finding that Ground Five is not cognizable because Coldiron procedurally defaulted on the claim in state court. Therefore, the Court holds Coldiron has waived any objection to the Magistrate Judge's finding on Ground Five and adopts this finding outright.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, provides a one-year limitations period for a state prisoner to petition for

4

federal habeas relief from a state-court judgment. 28 U.S.C. § 2244(d)(1) (2006); *Lawrence v. Florida*, ___ U.S. ___ (2007), 127 S. Ct. 1079, 1082 (2007). This period begins to run upon the later of either (1) the expiration of the period for seeking direct review of a conviction in state court or (2) the date upon which the petitioner could discover the factual predicate of his claims using due diligence. § 2244(d)(1)(A), (D). *See also DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006) (holding that a state prisoner whose attorney and trial court failed to inform him of a mandatory right to appeal must petition for federal habeas relief no later than one year from the date upon which a reasonable person in his position would have discovered the right to appeal).

An application for post-conviction relief in state court may toll the limitations period for the time the application is pending. § 2244(d)(2). The Sixth Circuit, for example, considers a Rule 26(B) application part of the post-conviction process and therefore holds such an application tolls the limitations period while pending. *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (en banc). Further, prior to *Lawrence*, the Sixth Circuit also held a petitioner's application for post-conviction relief in state court remained pending for the ninety-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment ("certiorari period"). *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence*, 127 S. Ct. 1079. Pursuant to *Lawrence*, though, § 2244(d)(2) now is tolled only when (1) a petitioner is seeking state-court relief and (2) the application for such relief is pending. 127 S. Ct. at 1083-84. In particular, "[w]hen the state courts have issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari." *Id.* at 1084.

Coldiron argues the factual predicate of his claims is not the prosecutor's alleged remark

at trial, but the certified trial transcript that omits the remark. Because he received the transcript after his conviction became final, Coldiron argues the limitations period for filing his federal habeas petition did not begin to run until he received the transcript.

Coldiron's argument has no merit. The transcript relates only to an alleged violation of Coldiron's rights during a post-conviction proceeding, and not to his detention. Because the date upon which Coldiron's conviction became final is later than the date upon which the prosecutor allegedly made his remark at trial, the Court finds the final date of Coldiron's conviction was the date upon which the limitations period began to run.

Pursuant to *Lawrence*, Coldiron failed to timely file his habeas petition. The period began to run on October 8, 2001, the date upon which Coldiron's conviction became final. Coldiron tolled the period forty-nine days later by filing his Rule 26(B) application. The period remained tolled until the Ohio Supreme Court dismissed Coldiron's appeal. Because the certiorari period no longer tolls the statute, the limitations period again began to run.

The period continued to run for 329 days until Coldiron again tolled it by filing his motion for a new trial. It remained tolled until the Ohio Supreme Court denied his appeal and motion for reconsideration, at which point–because the certiorari period no longer tolls the statute–the limitations period again began to run. By the time Coldiron filed his habeas petition, the limitations period had run for a total of 541 days. Because the limitations period therefore expired almost six months prior to Coldiron filing his habeas petition, the Court finds Coldiron's petition was not timely filed, provided equitable tolling does not apply.

Equitable tolling preserves a petitioner's claims when strict application of the limitations period would be inequitable. A person who seeks equitable tolling generally bears the burden of

6

proving that he is entitled to it. *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). Although Coldiron has yet to present evidence he is entitled to equitable tolling, the procedural posture of the case has not required it. Not only did the Respondent concede to the certiorari period tolling the statute when raising the limitations period as a defense, the Magistrate Judge's Report and Recommendation determined Coldiron's petition was timely even without the benefit of equitable tolling. However, because Coldiron's petition fails on the merits of its claims, the Court need not consider the doctrine of equitable tolling here.

### Grounds One and Three

Pursuant to 28 U.S.C. § 2254(a) (2006), a federal court may entertain a state prisoner's federal habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). Rather, a petitioner's claim "must directly dispute the fact or duration of the confinement." *Id.* at 248 (citing *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Coldiron claims in Grounds One and Three of his petition the trial judge denied him his constitutional right to procedural due process by failing to read Coldiron's memorandum in support of jurisdiction before ruling on his motion for a new trial. This claim, however, challenges the constitutionality of Coldiron's post-conviction proceeding, and not the conviction itself. Because Grounds One and Three do not directly challenge Coldiron's incarceration, the Court finds they are not appropriate for habeas review and therefore are dismissed.

### Grounds Two and Four

A federal court may not consider issues of state law in a federal habeas petition unless the state court's finding was fundamentally unfair–that is, unless the finding was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Cf. Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (holding that a federal court must defer to a state court's findings on its own rules of evidence and procedure when considering a habeas petition). The claim that a state interpreted or applied its own laws or procedural rules improperly is almost always rejected as a basis for granting habeas relief. *Olsen v. McFaul*, 843 F.2d 918, 933 (6th Cir. 1988).

In this case, the Trial Court denied Coldiron's Motion for a New Trial pursuant to Rule 33(B), which provides a person must make such a motion within fourteen days of the verdict, unless there is newly discovered evidence or the defendant was "unavoidably prevented from filing his motion for a new trial." Coldiron claims he was not aware of this ground for a new trial until he obtained a certified trial transcript, and claims he timely filed his motion once he received this evidence. The Trial Court found the transcript could not have been newly discovered evidence because Coldiron also claimed to have heard the prosecutor make the alleged remark at trial. Coldiron, therefore, could have moved for a new trial immediately after the verdict. Because nothing unavoidably prevented Coldiron from timely filing this motion, the Trial Court denied Coldiron's Motion for a New Trial pursuant to Rule 33(B).

There is no evidence that either the trial court's denial of this motion, or the appellate court's subsequent affirmation, was fundamentally unfair. Coldiron's motion stemmed from the prosecutor's alleged remark, and not the allegation that the prosecutor's remark failed to appear in the certified transcript. Both Coldiron and his attorney claim they heard the prosecutor's

8

remark–though they disagree as to what he said–and Coldiron further claims his attorney moved immediately for a mistrial. However, Coldiron has never offered a justification for his failure to move for a new trial within fourteen days of the verdict. A straightforward application of Rule 33(B) required the trial court to deny Coldiron's motion. Because this was a rational application of the law, and there is no evidence the trial court's application of the law was fundamentally unfair, the Court finds Grounds Two and Four of Coldiron's petition are not cognizable for federal habeas review and, therefore, are dismissed.

Because Coldiron's petition was untimely, and because Coldiron's claims are not cognizable for federal habeas review, Coldiron's Petition is denied . The Court also finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Coldiron has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

6/4/07
Date

CHRISTOPHER A. BOYKO
United States District Judge

FILED
JUN 0 4 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND